UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW J. TURNER, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner <br><br> v. <br><br> FOXY LOXY PRINT GALLERY & CAFE, LLC, FOXY BAKERY, LLC D/B/A HENNY PENNY ART SPACE & CAFE, AND FOX & FIG, LLC AS A SINGLE EMPLOYER, <br><br> Respondent | Civil Action No.: |

**PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(j)
OF THE NATIONAL LABOR RELATIONS ACT**

To the Honorable Judges of the United States District Court for the Southern District of Georgia:

Comes now Matthew J. Turner, Regional Director of Region 10 ("Regional Director" or "Petitioner") of the National Labor Relations Board (the "Board"), and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j), (the "Act"), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board, based, in part, upon a Complaint of the Office of the General Counsel of the Board alleging that Foxy Loxy Print Gallery & Cafe, LLC ("Foxy Loxy"), Foxy Bakery, LLC d/b/a Henny Penny Art Space & Cafe ("Henny Penny"), and Fox & Fig, LLC ("Fox & Fig"), collectively called "Respondent," engaged in, and

1

is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act, 29 U.S.C. § 158(1) and (3). In support thereof, Petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of Region 10 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board, which has authorized the filing of this petition.

2. The Court's jurisdiction is invoked pursuant to Section 10(j) of the Act, which provides, inter alia, that the Board shall have the power, upon issuance of a complaint charging that any person has engaged in unfair labor practices, to petition any United States district court within any district wherein the unfair labor practices in question are alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary injunctive relief or a restraining order pending final disposition of the matter by the Board.

3. (a) On August 7, 2023, Service Employees International Union, herein called "the Union," filed with the Board an original charge in Case 10-CA-323297 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the charge in Case 10-CA-323297 is filed herewith as Exhibit 1.

(b) On January 8, 2024, the Union filed an amended charge with the Board in Case 10-CA-323297 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the amended charge in Case 10-CA-323297 is filed herewith as Exhibit 2.

4. (a) On August 21, 2023, the Union filed an original charge with the Board in Case 10-CA-324201 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the charge in Case 10-CA-324201 is filed herewith as Exhibit 3.

  (b) On November 28, 2023, the Union filed the first amended charge with the Board in Case 10-CA-324201 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the first amended charge in Case 10-CA-324201 is filed herewith as Exhibit 4.

  (c) On January 8, 2024, the Union filed the second amended charge with the Board in Case 10-CA-324201 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the second amended charge in Case 10-CA-324201 is filed herewith as Exhibit 5.

 5. (a) On September 27, 2023, the Union filed an original charge with the Board in Case 10-CA-326729 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the charge in Case 10-CA-326729 is filed herewith as Exhibit 6.

  (b) On January 8, 2024, the Union filed an amended charge with the Board in Case 10-CA-326729 alleging, inter alia, that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the amended charge in Case 10-CA-326729 is filed herewith as Exhibit 7.

 6. The charges described in paragraphs 3 through 5 were referred to Petitioner as Regional Director of Region 10 of the Board.

 7. Upon investigation, Petitioner determined that it is likely to succeed before the Board on the merits of the charges described in paragraphs 3 through 5, that Respondent is engaging in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act and affecting commerce within the meaning of Sections 2(6) and (7) of the Act.

8.  (a)  On May 14, 2024, the Regional Director, upon such charges and pursuant to Section 10(b) of the Act, 29 U.S.C. § 160(b), issued a Consolidated Complaint against Respondent alleging that Respondent is engaging in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the Consolidated Complaint and Notice of Hearing is filed herewith as Exhibit 8.

(b)  On July 18, 2024, the Regional Director, issued an Amendment to Consolidated Complaint amending the language in Remedies paragraph (d). A copy of the Amendment to Consolidated Complaint is filed herewith as Exhibit 9.

9.  The Petitioner is likely to show that the allegations set forth in the Consolidated Complaint in Cases 10-CA-323297, 10-CA-324201, and 10-CA-326729 are true and that Respondent engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act. In support thereof, Petitioner, upon information and belief, shows as follows:

(a)  At all material times, Foxy Loxy has been a limited liability company with an office and place of business in Savannah, Georgia (Foxy Loxy restaurant), and has been operating a public restaurant selling food and beverages.

(b)  Annually, in conducting the business operations described in paragraph 9(a), Foxy Loxy derives gross revenues in excess of $500,000.

(c)  Annually, in conducting the business operations described in paragraph 9(a), Foxy Loxy purchases and receives products, materials, and goods in excess of $5,000 from points outside the State of Georgia.

(d) At all material times, Foxy Loxy has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, 29 U.S.C. §§ 152(2), (6), and (7).

(e) At all material times, Henny Penny has been a limited liability company with an office and place of business in Savannah, Georgia (Henny Penny restaurant), and has been operating a public restaurant selling food and beverages.

(f) Annually, in conducting the business operations described in paragraph 9(e), Henny Penny derives gross revenues in excess of $500,000.

(g) Annually, in conducting the business operations described in paragraph 9(e), Henny Penny purchases and receives products, materials, and goods in excess of $5,000 from points outside the State of Georgia.

(h) At all material times, Henny Penny has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act. 29 U.S.C. §§ 152(2), (6), and (7).

(i) At all material times through October 2023, Fox & Fig had been a limited liability company with an office and place of business in Savannah, Georgia (Fox & Fig restaurant), operating a public restaurant selling food and beverages.

(j) During the 12-month period preceding October 2023, in conducting the business operations described in paragraph 9(i), Fox & Fig derived gross revenues in excess of $500,000.

(k) During the 12-month period preceding October 2023, in conducting the business operations described in paragraph 9(i), Fox & Fig purchased and received products, materials, and goods in excess of $5,000 from points outside the State of Georgia.

  (l) At all material times through October 2023, Fox & Fig had been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, 29 U.S.C. §§ 152(2), (6), and (7).

  (m) At all material times, Foxy Loxy, Henny Penny, and Fox & Fig have been affiliated business enterprises with common officers, ownership, directors, management, and supervision; have formulated and administered a common labor policy; have shared common premises and facilities; have provided services for and made sales to each other; have interchanged personnel with each other; have interrelated operations; and have held themselves out to the public as a single-integrated business enterprise.

  (n) Based on their operations described above in paragraph 9(m), Foxy Loxy, Henny Penny, and Fox & Fig constitute a single-integrated business enterprise and a single employer within the meaning of the Act.

  (o) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. § 152(5).

  (p) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

    (i) Jennifer Jenkins  Chief Executive Officer
    (ii) Julie Kaufman  Director of Operations
    (iii) Kai Sims  Manager
    (iv) Steph Tarnowski  Manager

  (q) About August 5, 2023, Respondent discharged the following employees:

    (i) Zach Boykin
    (ii) Sabrina Clausen

    (iii) Kole Cox

    (iv) Christian Deveaux (Chrush Jalen)

    (v) Jonathan Garmendez

    (vi) Samantha Hughes (Juniper Ambrose)

    (vii) Absalom Jackson

    (viii) Isabella Mashack

    (ix) Troy Nelson

    (x) Rose Waldron

  (r)  About August 8, 2023, Respondent discharged the following employees:

    (i) Andrea Guzman

    (ii) Kai Kennedy

  (s)  About August 8, 2023, Respondent enforced the Employment At-Will Notice policy, Attendance & Tardiness policy, Disciplinary Action policy, Call Out policy, and Social Media policy selectively and disparately against employee Andrea Guzman.

  (t)  About August 8, 2023, Respondent enforced the Employment At-Will Notice policy, Attendance & Tardiness policy, Disciplinary Action policy, and Call Out policy selectively and disparately against employee Kai Kennedy.

  (u)  About August 9, 2023, Respondent disciplined employee Alice Ross by issuing write-ups.

  (v)  About August 9, 2023, Respondent enforced the Employment At-Will Notice policy, Disciplinary Action policy, Solicitation & Distribution policy, Conduct and Behavior policy, and Social Media policy selectively and disparately against employee Alice Ross.

  (w)  About September 19, 2023, Respondent disciplined employee Alice Ross by issuing a final write up and discharged employee Alice Ross.

(x) About September 19, 2023, Respondent enforced the Employment At-Will Notice policy, Disciplinary Action policy, and Conduct and Behavior policy selectively and disparately against employe Alice Ross.

(y) About September 19, 2023, Respondent issued the disciplinary actions to employee Alice Ross described above in paragraph 9(w) and those actions would have been lesser discipline but for the disciplinary actions Respondent issued to employee Alice Ross as described above in paragraph 9(u).

(z) About July 26, 2023, Respondent, by Jennifer Jenkins, through the Slack messaging app:

> (i) informed its employees that it would be futile for them to select the Union as their bargaining representative; and
>
> (ii) threatened employees with loss of access to management if they supported the Union.

(aa) About August 5, 2023, Respondent, by Jennifer Jenkins, through the Slack messaging app, told employees that Respondent terminated employees because of their union and other concerted activities.

(bb) About August 9, 2023, Respondent, by Julie Kaufman, in a meeting at Respondent's Fox & Fig restaurant:

> (i) threatened employees with reduction in benefits and store closure if they supported the Union; and
>
> (ii) informed employees that it would be futile for them to select the Union as their bargaining representative.

(cc) Since about February 7, 2023, Respondent maintained an overbroad social media policy.

(dd) Respondent engaged in the conduct described in paragraphs 9(q) through 9(y) because the named employees assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(ee) By the conduct described above in paragraphs 9(q) through 9(dd), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(ff) By the conduct described above in paragraphs 9(q) through 9(y), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of their employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(gg) The unfair labor practices of the Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

10. Upon information and belief, it may be fairly anticipated that, unless enjoined by this Court, Respondent will continue to engage in the conduct set forth in paragraphs 9(q) through 9(cc) or similar acts in violation of Section 8(a)(1) and (3) of the Act.

11. There is imminent danger that substantial and irreparable injury will impact Respondent's employees unless the continuation of the above-mentioned unfair labor practices is immediately restrained. Further serious breaches of the Act and of the public policies involved in the Act will continue, with the result that enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order. Unless injunctive relief is immediately obtained, it may fairly

be anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board with the result that employees will continue to be deprived of their fundamental right to engage in protected concerted activity for mutual aid or protection, a harm which cannot be remedied in due course by the Board. It is therefore necessary, just, and proper that the effects of Respondent's acts and conduct be dissipated by remedial action on the part of Respondent so that its employees can freely exercise the rights guaranteed them by the Act and their rights not be impeded, impaired or hindered.

12. Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just, and proper, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct or repetition thereof.

13. No previous application has been made for the relief requested herein.

**WHEREFORE,** Petitioner prays for the following relief:

1. That the Court issue an order directing that Respondent promptly file an answer to the allegations of this Petition and to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, agents, representatives, servants, employees, attorneys, and all persons acting in concert or participation with it, from engaging in the acts and conduct described above, similar or like acts, or other conduct in violation of Section 8(a)(1) and (3) of the Act, or repetitions

thereof, and that the instant Petition be disposed of on the basis of the briefs and affidavits, without oral testimony, absent further order of the Court.

    2.    That this Court issue an Order directing Respondent, its officers, agents, representatives, servants, employees, attorneys, and all persons acting in concert or participation with it, to cease and desist from the following acts and conduct, pending the final disposition of matters involved herein by the Board:

    (a)    Discharging employees for engaging in strikes or other protected work stoppages;

    (b)    Discharging employees for engaging in Union and/or protected concerted activities;

    (c)    Disciplining employees for engaging in Union and/or protected concerted activities;

    (d)    Unlawfully applying Respondent's social media policies to retaliate against employees for engaging in Union and/or protected concerted activities;

    (e)    Unlawfully applying Respondent's solicitation and distribution policies to retaliate against employees for engaging in Union and/or protected concerted activities;

    (f)    Unlawfully applying Respondent's attendance policies to retaliate against employees for engaging in Union and/or protected concerted activities;

    (g)    Making coercive statements to employees that Respondent will reduce their benefits if they engage in protected concerted activities and/or select the Union as their bargaining representative;

(h) Making coercive statements to employees that Respondent will close its businesses if employees engage in protected concerted activities and/or select the Union as their bargaining representative;

(i) Making coercive statements to employees that it would be futile for them to unionize and/or select the Union as their bargaining representative;

(j) Making coercive statements to employees that they will be discharged if they engage in strikes or other protected work stoppages;

(k) In any other manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed under Section 7 of the Act.

3. That the Court further order Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, to take the following affirmative action necessary to effectuate the policies of the Act pending the final disposition of the matters involved herein by the Board:

(a) Within five (5) days of the district court's order, offer, in writing, interim reinstatement of the following employees to their former positions of employment or, if those positions no longer exist, to substantially equivalent positions at Respondent's Foxy Loxy and Henny Penny locations, displacing, if necessary, any employee who may have been hired or reassigned to replace them, without prejudice to seniority or any other rights and privileges previously enjoyed:

(i) Zach Boykin

(ii) Sabrina Clausen

(iii) Kole Cox

(iv) Christian Deveaux (Chrush Jalen)

    (v) Jonathan Garmendez

    (vi) Andrea Guzman

    (vii) Samantha Hughes

    (viii) Absalom Jackson

    (ix) Kai Kennedy

    (x) Isabella Mashack

    (xi) Troy Nelson

    (xii) Alice Ross

    (xiii) Rose Waldron

  (b)  Within five (5) days of the district court's order, on an interim basis, rescind the disciplinary write-ups issued to Alice Ross on August 9, 2023 and September 19, 2023, refrain from relying on these unlawful disciplinary actions in assessing any future discipline pending the Board's adjudication of the merits of the underlying unfair labor practice cases, and inform Ross in writing of the interim rescissions;

  (c)  Within five (5) days of the district court's order, on an interim basis, rescind, in writing to employees, the Social Media policy included in the employee handbook;

  (d)  Within seven (7) days of the district court's order, post physical copies of the district court's order setting forth the relief granted at Respondent's Foxy Loxy and Henny Penny locations, as well as translations in other languages as necessary to ensure effective communication to all employees of the Respondent as determined by the Board's Regional Director of Region 10, said translations to be provided by Respondent at its expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically post notices to their employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all

employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to each location to monitor compliance with this posting requirement;

(e) Within seven (7) days of the district court's order, electronically distribute, including via Slack messaging, copies of the district court's order specifying the relief granted to all employees at Respondent's Foxy Loxy and Henny Penny locations, and to all former employees employed at Fox & Fig;

(f) Within seven (7) days of the district court's order, convene one or more mandatory meetings, on working time and at times when Respondent customarily hold employee meetings and scheduled to ensure the widest possible attendance, at Respondent's Foxy Loxy and Henny Penny locations, during which the district court's order specifying the relief granted will be read to employees by a responsible official of the Respondent in the presence of a Board agent, or at the Respondent's request, by a Board agent in the presence of a representative of the Respondent. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) in the same manner they would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

(g) Within twenty-one (21) days of the district court's order, file with the district court and submit a copy to the Regional Director of Region 10 of the Board, a sworn affidavit from a responsible official of the Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of the district court's order, including how

Respondent posted the documents required by the court's decree, where the documents have been posted, and the date(s), time(s), and location(s) that the district court order specifying the relief granted was read to employees and by whom, as required by the court.

4. That the Court grant such further and other relief as may be deemed just and proper.

Dated this 19th day of December, 2024.

                                            Respectfully submitted,

JILL E. STEINBERG
United States Attorney
Southern District of Georgia

*s/* Bradford C. Patrick
BRADFORD C. PATRICK
Assistant U.S. Attorney
Southern District of Georgia
South Carolina Bar No. 102092
P.O. Box 8970
Savannah, GA 31412
Phone: (912) 652-4422
Fax: (912) 652-4427
bradford.patrick@usdoj.gov


MATTHEW TURNER
Regional Director
National Labor Relations Board,
Region 10

*s/*Kurt Brandner
Kurt Brandner
Colorado Bar No. 50288
National Labor Relations Board
Region 10
401 W. Peachtree Street, NW
Suite 2201
Atlanta, Georgia 30308
(470) 343-7491
kurt.brandner@nlrb.gov

STATE OF GEORGIA
COUNTY OF FULTON

I, Matthew J. Turner, being first duly sworn, depose and say that I am Regional Director of Region 10 of the National Labor Relations Board; that I have read the foregoing Petition for Preliminary Injunction under Section 10(j) of the National Labor Relations Act, and know the contents thereof; that the statements therein made as upon personal knowledge are true and those made upon information and belief, I believe to be true.

<u>*s/Matthew J. Turner*</u>
Matthew J. Turner, Petitioner