UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW J. TURNER, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | )<br>)<br>)<br>) Civil Action No.:<br>) |
| Petitioner | ) |
| v. | ) |
| FOXY LOXY PRINT GALLERY & CAFE, LLC, FOXY BAKERY, LLC D/B/A HENNY PENNY ART SPACE & CAFE, AND FOX & FIG, LLC AS A SINGLE EMPLOYER, | ) |
| Respondent | ) |

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter came to be heard upon the petition of Matthew J. Turner, Regional Director of Region 10 of the National Labor Relations Board (herein "Petitioner" or "Regional Director"), for and on behalf of the National Labor Relations Board (herein "the Board"), for a preliminary injunction pursuant to section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)] (herein "the Act"), pending the final disposition of the matters herein involved now pending before the Board, and upon the issuance of an Order to Show Cause why injunctive relief should not be granted as prayed in the Petition. The Court finds and concludes that, in the underlying administrative proceeding in Board Cases 10-CA-323297, 10-CA-324201, and 10-CA-326729, there is a likelihood that Petitioner will establish that Foxy Loxy Print Gallery & Café, LLC ("Foxy Loxy"), Foxy Bakery, LLC d/b/a Henny Penny Art Space & Café ("Henny Penny"), and Fox & Fig, LLC (Fox & Fig) (hereinafter "Respondent") has engaged

1

in, and is engaging in, acts and conduct in violation of sections 8(a)(1) and (3) of the Act affecting commerce within the meaning of Section 2(6) and (7) of the Act, and that in balancing the equities in this matter, Respondent's violations of the Act will likely be repeated or continued and will irreparably harm the employees, the Union of Southern Service Workers (the "Union"), an affiliate of Service Employees International Union, and the public interest, and will thwart the purposes and policies of the Act, unless enjoined.

Now, therefore, upon the entire record, it is hereby

**ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters involved pending before the Board, Respondent, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, be and they hereby are, enjoined and restrained from:

(a) Discharging employees for engaging in strikes or other protected work stoppages;

(b) Discharging employees for engaging in Union and/or protected concerted activities;

(c) Disciplining employees for engaging in Union and/or protected concerted activities;

(d) Unlawfully applying the Employers' social media policies to retaliate against employees for engaging in Union and/or protected concerted activities;

(e) Unlawfully applying the Employers' solicitation and distribution policies to retaliate against employees for engaging in Union and/or protected concerted activities;

(f) Unlawfully applying the Employers' attendance policies to retaliate against employees for engaging in Union and/or protected concerted activities;

(g) Making coercive statements to employees that the Employers will reduce their benefits if they engage in protected concerted activities and/or select the Union as their bargaining representative;

(h) Making coercive statements to employees that the Employers will close its businesses if employees engage in protected concerted activities and/or select the Union as their bargaining representative;

(i) Making coercive statements to employees that it would be futile for them to unionize and/or select the Union as their bargaining representative;

(j) Making coercive statements to employees that they will be discharged if they engage in strikes or other protected work stoppages;

(k) Prohibiting employees from using profit-and-loss summaries or other information that was provided by the Employer without confidentiality restrictions for Union and/or protected concerted activities; and

(l) In any other manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed under Section 7 of the Act.

It is further **ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters herein now pending before the Board, Respondent, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, shall, take the following steps:

(a) Within five (5) days of the district court's order, offer, in writing, interim reinstatement to Absalom Jackson, Christian Deveaux, Sabrina Clausen, Isabella Mashack, Zach Boykin, Kole Cox, Samantha Hughes, Jonathan "Jonie" Garmendez, Troy Nelson, Rose Waldron, Andrea Guzman, Kai Kennedy, and Alice Ross to their former positions of

employment or, if those positions no longer exist, to substantially equivalent positions at the Employers' Foxy Loxy and Henny Penny locations, displacing, if necessary, any employees who may have been hired or reassigned to replace them, without prejudice to their seniority or any other rights or privileges they previously enjoyed;

(b) Within five (5) days of the district court's order, on an interim basis, rescind the disciplinary write-ups issued to Alice Ross on August 9, 2023 and September 19, 2023, refrain from relying on these unlawful disciplinary actions in assessing any future discipline pending the Board's adjudication of the merits of the underlying unfair labor practice cases, and inform Ross in writing of the interim rescissions;

(c) Within five (5) days of the district court's order, on an interim basis, rescind, in writing to employees, the Social Media policy included in the employee handbook;

(d) Within seven (7) days, post physical copies of the district court's order setting forth the relief granted at the Employers' Foxy Loxy and Henny Penny locations, as well as translations in other languages as necessary to ensure effective communication to all employees of the Employers as determined by the Board's Regional Director of Region 10, said translations to be provided by the Employers at their expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where the Employers typically post notices to their employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to each location to monitor compliance with this posting requirement;

(e) Within seven (7) days, electronically distribute, including via Slack messaging, copies of the district court's order specifying the relief granted to all employees at the

Employers' Foxy Loxy and Henny Penny locations, and to all former employees employed at Fox & Fig;

(f) Within seven (7) days, convene one or more mandatory meetings, on working time and at times when the Employers customarily hold employee meetings and scheduled to ensure the widest possible attendance, at the Employers' Foxy Loxy and Henny Penny locations, during which the district court's order specifying the relief granted will be read to employees by a responsible official of the Employers in the presence of a Board agent, or at the Employers' request, by a Board agent in the presence of a representative of the Employers. Interpreters shall be made available for any individual whose language of fluency is other than English at the Employers' expense. The Employers shall announce the meeting(s) in the same manner they would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. The Employers shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise; and

(g) Within twenty-one (21) days of the issuance of the district court's order, file with the district court and submit a copy to the Regional Director of Region 10 of the Board, a sworn affidavit from a responsible official of the Employers setting forth, with specificity, the manner in which the Employers have complied with the terms of the district court's order, including how the Employers posted the documents required by the court's decree, how and where the documents have been posted, and the date(s), time(s), and location(s) that the district court order specifying the relief granted was read to employees and by whom, as required by the court.

Dated this ____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE