# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW J. TURNER, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | )<br>)<br>)<br>)<br>) Civil Action No.: 424-281 |
| Petitioner | ) |
| v. | ) |
| FOXY LOXY PRINT GALLERY & CAFE, LLC, FOXY BAKERY, LLC D/B/A HENNY PENNY ART SPACE & CAFE, AND FOX & FIG, LLC AS A SINGLE EMPLOYER, | )<br>)<br>)<br>)<br>) |
| Respondent | ) |

## PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL UNDER RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Petitioner, Matthew J. Turner, Regional Director of the Tenth Region of the National Labor Relations Board, by the undersigned counsel, hereby moves this honorable Court for and on behalf of the National Labor Relations Board to dismiss Petitioner's petition for preliminary injunction and Respondent's counter petition for injunction, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure without prejudice and without costs or attorneys' fees.[1]

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

---

[1] Prior to filing this motion, Respondent informed Petitioner that it did not agree to the dismissal of this action.

independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In *Transmax Productions v. Swartzberg*, No. 1:19-cv-03568-SDG, 2020 WL 9550002, (N.D. Ga. Dec. 20, 2022), upon plaintiff's motion to dismiss its claim under FRCP 41(a)(2), the Court also dismissed the defendants' counterclaims over their objections reasoning that the voluntary dismissal would not result in clear legal prejudice to the defendants or the forfeiture of a substantive right. This ruling was based on Eleventh Circuit precedent that a court should grant a dismissal "unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (emphasis in original). *See also Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.") (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)). The Court may decline to grant a voluntary dismissal "if it would cause the defendant to lose a substantial right" or "plaintiff's counsel has acted in bad faith." *Goodwin*, 757 F.3d at 1219 (citations omitted).

In this case, Respondent raised the same arguments included in its counter petition in prior motions and affirmative defenses to the Administrative Law Judge prior to the hearing in August 2024. (See Doc. 4-15 (Petitioner Exhibit 15) – Pgs. 6-11, 24, 43-49, and 64-70). Respondent maintains its right to pursue these claims through an appeal to the NLRB, and/or reviewing court, after the issuance of the Administrative Law Judge Decision. Moreover, dismissal is a more efficient way to proceed because the parties are awaiting a ruling by the Administrative Law Judge, who could rule in Respondent's favor, which would obviate the need for the district court to weigh in on the arguments presented by Respondent in its counter petition. Thus, Respondent's claim

would remain capable of independent adjudication and would not be foreclosed in the event the Court dismissed this action.

In the event that the Court does not find it appropriate to dismiss Respondent's counter petition, the Court should nonetheless dismiss Petitioner's petition for injunction under Section 10(j) of the National Labor Relations Act.

DATED this 31st day of January, 2025.

Respectfully submitted,

TARA M. LYONS
Acting U.S. Attorney

*/s/ Bradford C. Patrick*
Assistant United States Attorney
Southern District of Georgia
South Carolina Bar No. 102092
Bradford.patrick@usdoj.gov
Post Office Box 8970
Savannah, GA 31412
(912) 652-4422


MATTHEW J. TURNER
Regional Director
National Labor Relations Board,
Region 10

*s/*Kurt Brandner
Kurt Brandner
Colorado Bar No. 50288
National Labor Relations Board
Region 10
401 W. Peachtree Street, NW
Suite 2201
Atlanta, Georgia 30308
(470) 343-7491
kurt.brandner@nlrb.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed Petitioner's Motion for Voluntary Dismissal via the e-filing system which will automatically serve a copy to the following parties:

Wade W. Herring, II and Brian E. Sopp
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31401
Email: wherring@huntermaclean.com
Email: bsopp@huntermaclean.com

This 31st day of January, 2024

*s/*Kurt Brandner
Kurt Brandner
National Labor Relations Board
Region 10
401 W. Peachtree Street, NW
Suite 2201
Atlanta, Georgia 30308
(470) 343-7491
kurt.brandner@nlrb.gov