UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW J. TURNER, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner/Counterclaim Defendant, <br><br> v. <br><br> FOXY LOXY PRINT GALLERY & CAFÉ, LLC, FOXY BAKERY, LLC D/B/A HENNY PENNY ARTS SPACE & CAFÉ, AND FOX & FIG, LLC AS A SINGLE EMPLOYER, <br><br> Respondents/Counterclaim Plaintiffs. | Case No.: 4:24-CV-00281-RSB-CLR |

**PETITIONER'S RESPONSE OPPOSING RESPONDENTS'
MOTION REQUESTING HEARING AND ENTRY OF JUDGMENT**

Respondents/Counterclaim Plaintiffs (collectively, Foxy Loxy) have asked this Court to enter judgment against Petitioner/Counterclaim Defendant National Labor Relations Board (NLRB). However, the Federal Rules of Civil Procedure (FRCP) and binding precedent indicate that, at most, this Court should direct the NLRB to file any required response rather than enter default judgment against it. Foxy Loxy's motion should be denied.

In its Motion, Foxy Loxy claims that the NLRB has not answered its counterclaim, despite also defending against it. ECF 43. Because of this alleged failure to file a formal answer to the counterclaim, Foxy Loxy requests a hearing and default judgment under FRCP 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court").

There are three reasons for this Court to deny Foxy Loxy's motion.

1

First, the NLRB's answer to Foxy Loxy's counterclaim is not yet due. Under FRCP 12(a)(4)(A), no answer to a responsive pleading is due, if a party files a motion under Rule 12, until 14 days after the court denies that motion. The NLRB filed a Motion to Dismiss on January 31; this Court has yet to rule upon it. ECF 32. The NLRB's due date to answer Foxy Loxy's counterclaim is 14 days after any denial of the Motion to Dismiss, and it has not yet run.[1]

Furthermore, this Court has not yet ruled on Foxy Loxy's Motion for a Preliminary Injunction, nor ordered its consideration of the preliminary injunction motion consolidated with the merits. *See* FRCP 65(a)(2). For reasons of judicial and party economy, the NLRB has often moved to defer the filing of an answer until a reasonable period of time after court action on a motion for preliminary injunction, as such orders are usually appealable and provide significant insight into the court's view of the merits of a given case. Courts have frequently granted such extensions in similar cases, *see, e.g.*, Order, *Hudson Inst. of Process Rsch. v. NLRB*, No. 4:24-cv-00989 (E.D. Tex. Jan. 13, 2025) (30 days), ECF No. 54; Order, *Meharry Med. Coll. v. NLRB*, No. 3:24-cv-01258 (M.D. Tenn. Dec. 20, 2024) (same), ECF No. 42; Order, *Red Rock Resorts Inc. v. NLRB*, No. 2:24-cv-01966 (D. Nev. Dec. 17, 2024) (60 days), ECF No. 18. The NLRB will request a similar extension if its Motion to Dismiss is denied before the court rules on Foxy Loxy's preliminary-injunction request.

Second, even if the NLRB's answer to Foxy Loxy's counterclaim were due on March 24 as claimed, this Court should not enter default judgment, but direct the NLRB to file an answer. As the Eleventh Circuit has stated, "[a] failure to answer a counterclaim should not, by itself, 'justify the draconian remedy of dismissal with prejudice.'" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)).

---

[1] The NLRB recognizes that its Motion to Dismiss seeks relief under FRCP 41. This Court need not resolve any dispute about the applicability of FRCP 12(a)(4) in light of the additional arguments set forth below.

The Court of Appeals said that about a ruling that was merely "tantamount to" default, *id.* at 1333; here Foxy Loxy asks for default, full stop. That would be wholly unwarranted; the ordinary remedy in actively litigated cases is not a default judgment, but an order requiring the filing of a pleading. *Perez*, 744 F.3d at 1338-39 (citing *Betty K*, 432 F.3d at 1339-40).[2] The NLRB has not willfully or contumaciously refused to litigate this case; instead, it has actively responded to Foxy Loxy's arguments and motions, including those presented in Foxy Loxy's Motion for a Preliminary Injunction. That would constitute "good cause," Fed. R. Civ. P. 55(c), to excuse the default that Foxy Loxy claims occurred here. To enter default judgment merely because a formal answer has not been filed, even if such answer was technically due here (and the NLRB does not believe it was), would be to grossly exaggerate form at the expense of substance.

Finally, under FRCP 55(d), there are special barriers preventing the automatic entry of default judgments "against the United States, its officers, or its agencies." Such relief cannot be granted unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." But, as stated in the NLRB's Response in Opposition to Respondents' Motion for Preliminary Injunction, Foxy Loxy has not established a claim or right to relief on its counterclaim. *See* ECF 37 at 11 (explaining that a showing of causal harm, which is absent here, is necessary "to state a claim that the removal provisions applicable to NLRB ALJs and Board members are unconstitutional"). Without this, Foxy Loxy's request must be rejected.

## CONCLUSION

Foxy Loxy's motion should be denied.

---

[2] Should the Court order the NLRB to file an answer, the NLRB respectfully requests—consistent with this accepted position—that the answer be due 30 days after any denial of the pending Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| Kevin P. Flanagan<br>*Deputy Assistant General Counsel* | /s/*Phillip Melton*<br>Phillip H. Melton<br>*Attorney*<br>Texas Bar No. 24105346<br>(202) 273-3834<br>phillip.melton@nlrb.gov<br>National Labor Relations Board<br>*Contempt, Compliance, and Special Litigation Branch*<br>1015 Half Street, S.E. - 4th Floor<br>Washington, DC 20570 |
| Paul A. Thomas<br>*Supervisory Attorney* | |

and

Tara M. Lyons
*Acting United States Attorney*

/s/*Bradford C. Patrick*
Bradford C. Patrick
*Assistant United States Attorney*
Southern District of Georgia
South Carolina Bar No. 102092
P.O. Box 8970
Savannah, GA 31412
Phone: (912) 652-4422
Fax: (912) 652-4427

Dated this 17th day of April, 2025.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day caused to be electronically filed the foregoing document via the CM/ECF e-filing system which will automatically serve all counsel who have made an appearance.

Respectfully submitted,

/s/ *Phillip Melton*
Phillip H. Melton
*Attorney*
Texas Bar No. 24105346
(202) 273-3834
phillip.melton@nlrb.gov

National Labor Relations Board
*Contempt, Compliance, and Special Litigation Branch*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20570

Dated this 17th day of April, 2025.