**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| MATTHEW J. TURNER, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>FOXY LOXY PRINT GALLERY & CAFÉ, LLC, et al.,<br><br>Respondents. | CIVIL ACTION NO.: 4:24-cv-281 |

**O R D E R**

This case has been stayed pending the appeals of other, separate actions, the outcomes of which the parties agreed could impact the claims asserted in this matter. (Doc. 60.) In their most recent Status Report, the parties informed the Court that, given the recent disposition of one of those cases, Foxy Loxy's counterclaims in this proceeding are best addressed by cross-motions for summary judgment presented through a proposed "four-brief schedule." (Doc. 69, p. 2.) They state, however, that they "are unable to reach agreement on who should file the initial Motion for Summary Judgment on Foxy Loxy's counterclaims."[1] (Id.) Accordingly, they have asked the Court to establish a "summary judgment briefing schedule." (Id.) They provide proposed timelines for the various filing deadlines and jointly request that the initial motion and brief not be

[1] Apparently, each party believes the opposing party should be required to file the initial summary judgment motion. (Doc. 69, p. 2 n.1.)

due until January 15, 2027, or later, to accommodate existing leave of court and other anticipated absences. (Id.)

Given that Respondent Foxy Loxy asserted the at-issue counterclaims for injunctive relief and it thus bears the burden of proving its entitlement to the requested relief, and given that it has indicated that it intends to seek summary judgment in its favor on the counterclaims, Foxy Loxy shall be charged with filing the initial summary judgment motion. A briefing schedule is set forth in detail below.

Additionally, the parties "agree that the NLRB's deadline to file an Answer or Rule 12 Motion should be stayed pending the disposition of summary judgment" because the counterclaims involve "purely legal issues" which are "ripe for adjudication" through the summary judgment process. (Doc. 69, p. 3.) Accordingly, they ask the Court to grant such relief. (Id.) The Court agrees that, in the interest of efficiency and streamlined proceedings, a stay of the deadline to respond to the counterclaims is appropriate.

In light of the foregoing, the Court directs the Clerk of Court to **LIFT** the stay presently in place in this case. The NLRB's deadline to answer or file a Fed. R. Civ. P. 12 motion in response to Foxy Loxy's counterclaims, however, is **STAYED** pending the adjudication of the forthcoming motions for summary judgment. The Court **DIRECTS** Foxy Loxy to file its motion for summary judgment and accompanying brief **by January 22, 2027**. The NLRB's response in opposition, as well as its own cross-motion for summary judgment and accompanying briefing, shall be filed **within thirty (30) days** after Foxy Loxy's motion is filed. Similarly, Foxy Loxy's response in opposition to the NLRB's motion and its reply in support of its own motion (should it wish to file one) shall be filed **within thirty (30) days** after the NLRB's motion and response are filed.

Finally, any reply in support of the NLRB's cross-motion for summary judgment (should the NLRB wish to file one) shall be filed **within fourteen (14) days** after Foxy Loxy's filing.

**SO ORDERED**, this 20th day of November, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA